IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FREDERICK W. SMITH, JR., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 21-1674-RGA |
| KRISTY L. ROGERS, | : |
| Defendant. | : |

Frederick W. Smith, Sussex Correctional Institution, Georgetown, Delaware.  Pro Se Plaintiff.

**<u>MEMORANDUM OPINION</u>**

April 14, 2022
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Frederick W. Smith, R., an inmate at Sussex Correctional Institution in Georgetown, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 2). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 10). He has filed a motion to amend. (D.I. 12). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff alleges that on October 7, 2021, Defendant Kent County Probation Officer Kristy L. Rogers, perjured herself, lied in an administrative warrant, and stated that Plaintiff had violated his curfew. (D.I. 2 at 5). He alleges that as a homeless man he does not have a curfew, and Defendant caused him to be illegally detained. (*Id.*). Plaintiff alleges that SCI documents state that Plaintiff's end of incarceration was to be from October 7, 2021 through November 3, 2021, and that as of the date of the Complaint (*i.e.*, November 9, 2021) he remained incarcerated. (*Id.* at 6). Plaintiff seeks compensatory damages. (*Id.* at 8).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448,

1

452 (3d Cir. 2013). See also 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544

(2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. See *Johnson v. City of Shelby*, 574 U.S.10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. See *id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

## DISCUSSION

Plaintiff's motion for leave to amend the complaint will be granted. Plaintiff attempts to raise two claims: (1) Defendant lied on her affidavit of probable cause which led to the issuance of an administrative warrant and Plaintiff's detention; and (2) Plaintiff was held after his release date.

The Complaint does not indicate if a violation of probation hearing was held and, if so, what the outcome was. See, e.g., *Shelley v. Wilson*, 339 F. App'x 136, 139 (3d Cir. 2009) ("jury's finding that Shelley committed each element of these offenses

3

beyond a reasonable doubt defeats his assertion that there was no probable cause to arrest him."). Without the necessary facts, the Complaint fails to state a claim against Defendant.

Plaintiff's second claim is also deficient. An inmate held after his release date may state a cause of action. See Montanez v. Thompson, 603 F.3d 243 (3d Cir. 2010) (inmate must demonstrate three elements to establish § 1983 liability against a prison official: (1) a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted; (2) the official either failed to act or took only ineffectual action under the circumstances, indicating that his response to the problem was a product of deliberate indifference to the prisoner's plight; and (3) a causal connection between the official's response to the problem and the unjustified detention.). Defendant, as a probation officer, is not a prison official as is required to state a claim that Plaintiff was held after his release date.

Accordingly, the Complaint will be dismissed and Plaintiff will be given leave to amend.

## CONCLUSION

For the above reasons, the Court will: (1) grant Plaintiff's motion for leave to amend; and (2) dismiss the Complaint for failure to state claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

An appropriate Order will be entered.

4